# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-26-00216-CV

---

**Kai Nonamé, Appellant**

**v.**

**Nicholas Denbrock, Appellee**

---

### FROM THE 169TH DISTRICT COURT OF BELL COUNTY
### NO. 22DFAM335858, THE HONORABLE SUSAN CRISS, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Kai Nonamé, "FKA Kailyn Andrews" (appellant) challenges the trial court's order requiring her to pay costs in a suit affecting the parent-child relationship. *See* Tex. R. Civ. P. 145(g).

Rule 145 of the Texas Rules of Civil Procedure provides a procedure for litigants to establish their inability to pay court costs. *See* Tex. R. Civ. P. 145. It requires a party who cannot afford to pay costs to file a "Statement of Inability to Afford Payment of Court Costs approved by the Supreme Court or another sworn document containing the same information." *Id.* R. 145(b). A statement is properly "sworn" if it "is signed before a notary or made under penalty of perjury." *Id.* As applicable here, the court may "require the declarant to prove the inability to afford costs when evidence comes before the court that the declarant may be able to afford costs or when an officer or professional must be appointed in the case." *Id.* R. 145(e)(2). This is because

under Rule 145, "[t]he trial court always retains discretion to require evidence of an inability to afford costs." Tex. R. Civ. P. 145, cmt. Once a statement of inability to afford costs has been filed, "the declarant must not be ordered to pay costs unless [Rule 145's] procedural requirements have been satisfied," including "an oral evidentiary hearing," at which the burden is on the declarant to prove her inability to afford the payment of court costs, and "detailed findings that the declarant can afford to pay costs," among others. *Id.* R. 145(f).

Appellant filed an amended statement of inability to afford payment of court costs or an appeal bond.[1] The trial court sua sponte set a hearing contesting the statement and required appellant to "bring information/documentation to the hearing" to prove her inability to afford costs. *See id.* R. 145(e)(2). The trial court provided appellant with the requisite 10 days' notice of the hearing. *See id.* R. 145(f)(1). Before the hearing, appellant filed written objections to the contest, including notice that she would not appear at the scheduled hearing.

Appellant did not appear for the hearing and provided no evidence of her inability to afford costs. The court's docket entry for this hearing indicates that it was "cancelled" because

---

[1] Appellant's statement is signed "Nonamé : Kai. R. ARR, W/O Recourse." Inclusion of such limitations beside a signature are improper. *See, e.g.*, *Byrd v. Plano Police Dep't*, No. 4:21-CV-00111-RAS-CAN, 2021 WL 3359172, at *1 n.1 (E.D. Tex. June 7, 2021) (noting that party's signature on application to proceed without payment of filing fee that included "without Recourse" and "all Rights Reserved" was improperly signed); *Bellot v. Ocwen Loan Servicing, LLC*, No. 4:11-CV-03280, 2012 WL 5967442, at *2 (S.D. Tex. Nov. 28, 2012) (concluding that party's pleadings signed "without recourse" were improper because accountability is essential to fair administration of justice and "to prevent the kind of sophistry, manipulation, and abuse of the judicial system that is now fully apparent in the instant case"); *Middleman v. State*, No. 02-17-00359-CR, 2018 WL 3059973, at *1 (Tex. App.—Fort Worth June 21, 2018, no pet.) (mem. op., not designated for publication) (concluding motion was noncompliant because it included limitations beside party's signature stating "without recourse all rights reserved"). A litigant's signature on a court filing with the disclaimer "ARR w/o Recourse" strongly suggested that she was "attempting to avoid the potential consequences of untruthful answers." *McDonald v. MRS BPO, LLC*, No. 2:23-cv-01553-APG-MDC, 2024 U.S. Dist. LEXIS 51000, at *1 (D. Nev. 2024).

appellant "did not appear," and the court reporter informed appellant and the clerk of this Court that no record was taken. Following the hearing date, the trial court entered an "order on the amended inability to pay," which made findings, including that appellant "can afford to pay court costs other than the attorney fees and court costs for [] her defense on the Motion for Enforcement of Child Support."

Under Rule 145 "[t]he issue is not merely whether [the party] can pay costs, but whether [she] can afford to pay costs" and still afford "basic essentials, like housing or food." Tex. R. Civ. P. 145, cmt. We determine that the trial court did not hold an evidentiary hearing or make sufficiently detailed findings to support its ruling and permit this Court to conduct its review.[2] *See id.* R. 145(f)(1), (2), (g). Accordingly, we direct the trial court to hold an evidentiary hearing and enter detailed findings in support of its order, as required by subsection (f) of Rule 145. *See Burns v. Rowe*, No. 03-25-00744-CV, 2025 WL 3465956, at *1 (Tex. App.—Austin Dec. 3, 2025, order); *Bell v. Bell*, No. 03-24-00597-CV, 2024 WL 4774166, at *1 (Tex. App.—Austin Nov. 13, 2024, order) (same). A supplemental clerk's record containing those findings shall be filed with the Clerk of this Court by July 6, 2026.

It is ordered on June 5, 2026.

Before Chief Justice Byrne, Justices Theofanis and Crump

Abated and Remanded

Filed: June 5, 2026

---

[2] A trial court may proceed with a Rule 145 hearing on the record when a litigant asserting an inability to afford costs fails to appear. *Flores v. Flores*, No. 04-25-00706-CV, 2026 Tex. App. LEXIS 5121, at *4 (Tex. App.—San Antonio June 3, 2026, no pet. h.) (mem. op.) (concluding that litigant who neither appeared at hearing nor presented evidence to trial court failed to meet his burden of proof under Rule 145); *Amrhein v. Bollinger*, No. 05-18-00567-CV, 2019 Tex. App. LEXIS 2568, at *1-2 (Tex. App.—Dallas Apr. 1, 2019, no pet.) (mem. op.) (reaching same conclusion after litigant's nonappearance at Rule 145 hearing).